UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESCONDIDO UNION HIGH SCHOOL DISTRICT,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>C.A. By and Through her Guardian Ad Litem ASHLEY WENDEL,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 24-cv-1653-RSH-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPLEMENT RECORD**<br><br>[ECF No. 18] |

Pending before the Court is a motion to supplement the administrative record, filed by minor defendant C.A. ("Student"), by and through her guardian ad litem, Ashley Wendel. ECF No. 18. As explained below, the motion is denied.

## I.    BACKGROUND

On September 16, 2024, plaintiff Escondido Union High School District (the "District") filed the instant action seeking reversal of a decision from the State of California's Office of Administrative Hearings ("OAH"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. ECF No. 1.

In April 2024, the OAH held a due process hearing in this matter over the course of seven days. ECF No. 18-1 at 2. On June 18, 2024, the Administrative Law Judge ("ALJ") issued a final administrative decision finding for Student on both of the District's issues and all six of Student's issues. AR 1512–13. As to the District's issues, the ALJ found that: (1) the District's psychoeducational assessment, dated May 25, 2023, as amended on September 8, 2023, was not legally sufficient and Student was entitled to an independent educational evaluation at public expense; and (2) the District's speech and language assessment, dated May 30, 2023, was not legally sufficient and Student was entitled to an independent educational evaluation at public expense. As to Student's issues, the ALJ found that: (1) the District denied Student a free appropriate public education ("FAPE") when it failed to assess Student for autism from March 3, 2023 through February 20, 2024; (2) the District's psychoeducational assessment failed to comply with the requirements of 34 C.F.R. § 300.304 by not being sufficiently comprehensive to identify all of Student's educational needs and by not utilizing assessment tools and strategies to produce relevant information; (3) the District denied Student a FAPE beginning in March 2023 by failing to assess Student for autism and by failing to consider autism when designing Student's educational program; (4) the District's speech and language assessment was not legally sufficient as it was not sufficiently comprehensive to identify all of Student's speech and language needs and by not utilizing assessment tools and strategies to produce relevant information; (5) the District denied Student a FAPE for the 2023-2024 school year by failing to consider and adequately address Student's social emotional and mental health needs; and (6) the District denied Student a FAPE for the 2023-2024 school year by failing to offer Student an appropriate placement in a small, structured setting such as Winston. *Id.* The District now seeks to overturn the ALJ's decision as a whole on all the above issues. ECF No. 1 ¶ 69.

On September 16, 2024, the District filed this action against Student. ECF No. 1. On January 17, 2025, Student filed an answer to the Complaint. ECF No. 8.

On February 13, 2025, the administrative record was filed under seal. ECF No. 17. On February 17, 2025, Student filed a Motion to Supplement the Administrative Record with various documents, discussed further below. ECF No. 18-1. The District filed an opposition on March 10, 2025. ECF No. 19. Student did not file a reply brief. *See* Docket.

## II.   LEGAL STANDARD

When reviewing an administrative hearing decision under IDEA, statutory guidelines provide that the court:

> (i) shall receive the records of the administrative proceedings;
> (ii) shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C). This form or standard of "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993). Pursuant to IDEA, federal courts have "a continuing obligation to ensure that the state standards themselves and as applied are not below the federal minimums . . . [which] persists despite any state administrative rulings on federal law or state recodifications of federal law." *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Off. of Admin. Hearings*, 652 F.3d 999, 1005 (9th Cir. 2011) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 792 (1st Cir. 1984)). "The requirement that federal courts consider additional evidence when evaluating state administrative rulings implements the intent that federal courts enforce the minimum federal standards IDEA sets out." *Pajaro Valley*, 652 F.3d at 1005.

In *Ojai*, the Ninth Circuit addressed the standard for the admission of additional evidence by adopting the approach developed by the First Circuit in *Town of Burlington v. Dep't of Education. See Ojai*, 4 F.3d at 1472–73 (citing *Town of Burlington*, 736 F.2d at 790–91). That standard construes "additional" to mean "supplemental." *Ojai*, 4 F.3d at 1472–73 (citing *Town of Burlington*, 736 F.2d at 790–91). Although the reasons for

supplementing the record may vary, "they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Ojai*, 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 790–91). The determination of what is proper additional evidence is left to the discretion of the trial court, which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*. *Ojai*, 4 F.3d at 1473 (quoting *Town of Burlington*, 736 F.2d at 790–91). In considering the admission of after-acquired evidence, the Ninth Circuit has instructed that "[t]he proper inquiry was whether the report was relevant, non-cumulative, and otherwise admissible." *Pajaro Valley*, 652 F.3d at 1006.

### III.   DISCUSSION

Student seeks to supplement the Administrative Record with four categories of evidence: (1) a speech and language assessment by Ms. Christy Himstreet M.S., dated December 10, 2024, (2) the transcript and recording of a December 11, 2024 Individualized Education Program ("IEP") meeting, (3) the transcript and recording of a December 19, 2024 IEP meeting, and (4) an IEP document dated December 11, 2024. All of these documents post-date the ALJ hearing. The District opposes Student's request to supplement, arguing that the post-hearing documents and recordings are irrelevant, cumulative, and/or otherwise not admissible. ECF No. 19 at 10. The Court denies Student's motion as set forth below.

#### A.   Speech and Language Assessment

Student first offers a Speech and Language Assessment created by Ms. Himstreet. ECF No. 18-1 at 2. Student argues that "Ms. Himstreet's report offers "significant insight into C.A.'s condition and the reasonableness of the school district's earlier actions." ECF No. 18-1 at 8. Student further argues that "Ms. Himstreet's review of the sufficiency of the district's initial speech measures informed the specific assessments she later conducted,

ensuring an accurate picture of C.A.'s needs." *Id.* Student also alleges that "Ms. Himstreet's report is directly relevant to the controversy in question because it draws upon historical and personal information known to the district at the time of hearing, including the May 2023 assessment completed by the District," and that "the report provides a deeper understanding of C.A.'s condition along with her placement and service needs." *Id.*

Student fails to meet her burden of demonstrating that this evidence is relevant. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Student does not identify what fact of consequence this evidence tends to make more or less probable nor does Student explain how this evidence supports the ALJ's decision. At best, from Student's explanation, the Court can conclude this evidence *might* be relevant, but Student is asking the Court to take her assertion of relevance on faith. For example, Student argues that that "Ms. Himstreet's report offers "significant insight into C.A.'s condition and the reasonableness of the school district's earlier actions." ECF No. 18-1 at 8. But Student does not explain what that significant insight is. The merits of this action have not yet been briefed, and Student has not adequately articulated or explained her theory of relevance. The Court denies admission of Ms. Himstreet's assessment.

**B.     December 11, 2024 IEP Transcript and Recording**

Student next offers a transcript and recording from the December 11, 2024 IEP meeting. Student asserts that during the December 11, 2024 IEP meeting, "Ms. Himstreet spoke at length about the sufficiency of the District's May 2023 assessment," that the "IEP team engaged in detailed discussion of C.A.'s longstanding condition and educational needs," and that "Dr[.] Weckerly highlighted the results of an important test called the Millon Adolescent Clinical Interview (MACI-II)." ECF No. 18-1 at 9. Student further states that "the meeting included a review of Ms. Himstreet and Dr. Weckerly's assessments" and that "both assessors elaborated upon and provided new details regarding

their testing, recommendations, and conclusions. *Id.* Student also asserts that "the district testing was a solid step in a lot of ways, but it just wasn't testing what was needed to look at the areas of suspected disability." *Id.* at 4.

Here, as with Ms. Himstreet's assessment, Student asserts that the transcript and recording are relevant but fails to say precisely how. For example, Student asserts that the "IEP team engaged in detailed discussion of C.A.'s longstanding condition and educational needs," *id.* at 9, but does not state how that discussion makes a fact in issue more or less likely, or otherwise supports the ALJ's decision. The Court denies admission of the December 11, 2024 IEP transcript and recording.

### C. December 19, 2024 IEP Transcript and Recording

Student next offers a transcript and recording from the December 19, 2024 IEP meeting. Student claims that the discussion at this IEP meeting included "further exploration of Ms. Himstreet's assessment[] by the District, insight into the appropriateness of C.A.'s current placement, and review of C.A.'s condition, adjustment to different placements, and service needs." *Id.* at 10. Student asserts that this evidence "offer[s] critical information regarding C.A.'s educational needs," and "information as to the kinds of placements the district could have offered in 2023 but chose not." *Id.*

Here, as above, Student fails to state how this evidence is relevant to the issues of this case. Student alleges that this evidence "offer[s] critical information regarding C.A.'s educational needs," *id.*, but fails to specify what this critical information is or how it bears on a material fact in dispute, or the correctness of the ALJ's decision. The Court denies admission of the December 19, 2024 IEP transcript and recording.

### D. December 11, 2024 IEP

Finally, Student offers an IEP for Student dated December 11, 2024. Student claims this IEP "shows that the District ignored most of Dr. Weckerly's and Ms. Himstreet's assessment reports, like it ignored Parent input in its testing in 2023." *Id.* at 11. Student further states that the IEP "provides information as to the kinds of placements the district

could have offered in 2023 but chose not [to]" and "shows what the District should have known at the time of its own testing and development of the IEP in 2023." *Id.*

Here, as above, Student states this evidence is relevant but fails to state how. For example, Student asserts that the IEP "shows what the District should have known at the time of its own testing and development of the IEP in 2023," *id.*, but Student fails to explain what the District should have known or how it pertains to the disputed issues in this case. The Court denies admission of the December 11, 2024 IEP.

## IV. CONCLUSION

For the foregoing reasons, Student's Motion to Supplement the Administrative Record [ECF No. 18], is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 21, 2025

_____
Hon. Robert S. Huie
United States District Judge